**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PETER CHAPPA,

    Petitioner,

v.                                                CASE NO.  8:04-CV-1688-T-30EAJ
                                                               8:01-CR-443-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in the Florida penal system, initiated this matter by filing a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 challenging his 2002 conviction on drug related charges (CR Dkt. 443/CV Dkt. 1). Petitioner's federal sentence is scheduled to commence at the conclusion of his state sentence. Respondent has filed a response to the motion (CV Dkt. 8), and Petitioner has filed a reply thereto (CV Dkt. 14).  The matter is now before the Court for consideration of the merits of the motion.

**Background**

Petitioner was charged by indictment on December 11, 2001, with violations of the federal drug statutes (CR Dkt. 3).  On April 23, 2002, Petitioner was charged in a First Superseding Indictment with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846 (Count One); possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount

of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2 (Count Two); and possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Counts Three and Four) (CR Dkt. 182). Represented by court-appointed counsel (CR Dkt. 124), Petitioner agreed to enter a guilty plea to Count Two of the indictment pursuant to a written plea agreement in exchange for the Government's promise to dismiss Counts One, Three, and Four at the sentencing hearing (CR Dkt. 216 at 1-2). As one of the terms of his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5CI.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(CR Dkt. 216 at 11-12). On May 29, 2002, Petitioner appeared with court-appointed counsel and entered a plea of guilty to Count Two (CR Dkt. 245), which the Court accepted on July 3, 2002 (CR Dkt. 295). Petitioner was sentenced on September 27, 2002, to serve a term of 235 months imprisonment, to run consecutively to the term of imprisonment Petitioner was serving in the Florida penal system, to be followed by a 60-month term of supervised release, and the Government dismissed Counts One, Three, and Four of the indictment (CR Dkt. 348). Appellate counsel filed an *Anders* brief[1] on February 12, 2003,

---

[1] An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California,* 386 U.S. 738 (1967).

and a request to withdraw as counsel.[2] The motion to withdraw was granted, and the appellate court affirmed Petitioner's conviction and sentence on March 1, 2004 (CR Dkt. 442). *See United States v. Chappa*, 99 Fed.Appx. 879 (11th Cir. 2004).

On July 21, 2004, Petitioner filed the instant motion seeking relief pursuant to 28 U.S.C. § 2255 (CR Dkt. 443/CV Dkt. 1). He asserts three grounds for relief:

1. Trial counsel was ineffective for allowing [Petitioner] to plead to a non-existing charge;

2. Trial counsel was ineffective for failing to withdraw [Petitioner's] plea; and

3. [Petitioner's] sentence is illegally enhanced without a jury saying there were grounds to do so.

CR Dkt. 443/CV Dkt. 1 at 5. In its response to the petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally in his plea agreement, the motion should be denied (CV Dkt. 15). For reasons set forth below, the Court agrees.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United*

---

[2] The Court takes judicial notice of information accessible via the Public Access to Court Electronic Records ("PACER") internet database link to the Official Court Electronic Document Filing System for the Eleventh Circuit Court of Appeals, viewed on June 27, 2005, *United States v. Chappa*, Case No. 02-15579-FF (11th Cir. 2004). See Fed. R. Evid. 201.

*States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

**Discussion**

The crux of Petitioner's complaint is that the sentence he received was greater than he expected to receive when he signed the plea agreement. As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal any factual or legal finding made by the Court in calculating the appropriate guideline range unless the Court upwardly departed or the Government appealed.

In the plea agreement, Petitioner was placed on notice that the drug charge to which he agreed to plead guilty carried a minimum sentence of 60 months and a maximum sentence of 480 months (CR Dkt. 216 at 1).[3] Due to his criminal history points and risk of reoffending, *see* CR Dkt. 383 at 10, Petitioner was sentenced at the high end of the guidelines range to a term of 235 months imprisonment (CR Dkt. 348). This sentence is clearly within the statutory maximum for the offense of conviction. The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams v. United States*, 396 F.3d at 1342. *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 245). A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted). In *United States v. Jones*, the Eleventh Circuit stated:

> [W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

---

[3]Title 21 U.S.C. § 841(b)(1)(B)(viii) provides, in pertinent part, that upon conviction for a violation involving "5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years."

143 F.3d 1417, 1420 (11th Cir. 1998).  In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant.   Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable."  *United States v. Howle*, 166 F.3d 1166,  1168 (11th Cir. 1999) (citation omitted).  *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

Petitioner does not assert that his plea was not voluntary.  Instead, he claims that the plea agreement was not properly executed, and he was convicted and sentenced on a null and void indictment (CV Dkt. 1 at 5-A).  Petitioner was indicted on December 11, 2001, for, *inter alia*, possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2 (Count Two) (CR Dkt. 3 at 3), and he entered a plea of not guilty thereto.  This charge was realleged, *verbatim*, in Count Two of the First Superseding Indictment returned on April 23, 2002 (CR Dkt. 182 at 3). When he was arraigned on the charges set forth in the superseding indictment on May 1, 2002 (CR Dkt. 205), Petitioner entered a plea of not guilty.  On May 8, 2002, Petitioner, trial counsel, <u>and</u> the Government's attorney signed the plea agreement[4] (CR Dkt. 216 at 14).

The plea agreement, executed a week after Petitioner was arraigned on the First Superseding Indictment, states clearly and unambiguously that Petitioner agreed to "enter a plea of guilty to Count Two of the indictment" (CR Dkt. 216 at 1).  Thus, this argument has no merit.

---

[4]Apparently, Petitioner was given a copy of the plea agreement before it was fully executed. The plea agreement filed with the Court on May 9, 2002, was properly executed by <u>all</u> parties on May 8, 2002.

-6-

To the extent that Petitioner's contention that trial counsel misled him, causing him to believe that he would receive a sentence at the "low end of the sentencing guidelines" in exchange for his "full cooperation, and guilty plea" may be read as an assertion that his plea was not entered voluntarily and knowingly, this claim likewise lacks merit (Dkt. at 5b). During the change of plea hearing on May 29, 2002, Petitioner was placed under oath (CR Dkt. 438 at 3).  The following exchange then took place:

> Court: Do you understand that you've now been sworn to tell the truth?
>
> Petitioner: Yes, ma'am.
>
> Court: If you don't tell the truth as to any material or important matter, you could be prosecuted for perjury or false statement.  Do you understand that?
>
> Petitioner: Yes, ma'am.

*Id.*

> Court: Okay.  Based on the defendants' demeanor, both of them, their response to my questions so far and the positions of counsel, each defendant appears to be competent.
>
> I'm going to ask the Court security officer to show you two documents.  One of them is a notice in which you agree to let me conduct the hearing for your guilty plea, and the other is the plea agreement.  If you look at those, please, and tell me whether those are your signatures on both documents.
>
> Okay.  Are those your signatures, Mr. Chappa?
>
> Petitioner: Yes, ma'am.
>
> Court: Before you signed them did you go over them with your attorney?
>
> Petitioner: Yes, ma'am.
>
> Court: And did you have any questions about any of those documents or did he answer any questions you had?
>
> Petitioner: Yes, ma'am.

-7-

. . . . .

Court: Okay. With regard to *the indictment* in this case, Mr. Chappa is going to plead guilty to Count 2 of *the indictment*, which charges him with possession with intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine on or about November 15, 1999, in violation of Title 21 of the United States Code, Section 841B1.

. . . . .

Court: Okay. Have each of you had a chance to review *the indictment* and discuss the case in general with your attorney?

Petitioner: Yes, ma'am.

. . . . .

Court   Have you had all the time you need with your attorney to decide what is best for you in this case?

Petitioner: Yes, ma'am.

Court: Turning to the plea agreement, as I said, Mr. Chappa's going to plead guilty to Count 2 of *the indictment* . . . . Any questions about what I have said so far?

Petitioner: No, ma'am.

Court: The United States also agrees to go along with your receiving credit for acceptance of responsibility under the guidelines, and with your getting a sentence at the low end of the guideline range, as long as there is no adverse information at the time of sentencing indicating that to be unwarranted.

It is important that you understand that whatever recommendations are made on your behalf at sentencing, whether by you, your attorney, or the government, *none of those recommendations have to be followed by the Court, and you could not withdraw your plea if the Court did not follow a recommendation you wanted the Court to follow*.

Do you understand that?

Petitioner   Yes, ma'am.

. . . . .

Court: Both of you also have entered into a cooperation agreement with the government where you agree to cooperate fully with the government and testify in any proceedings, and the government agrees *simply to consider*, and I stress the word *consider*, whether your cooperation is important enough to be called substantial assistance under the guidelines. If the government concludes that you have provided substantial assistance, then it agrees to file a motion, either before sentencing or after sentencing, and that motion if granted by the Court could result in your getting a lower sentence or a reduced sentence, as the case may be.

Do you understand that?

Petitioner: Yes, ma'am.

. . . . .

Court: However, if the government concludes that it is not substantial assistance and does not file the motion, you can't do anything about it; that is, you can't appeal it to the trial court or another court in any way.

Do you understand that?

Petitioner: Yes, ma'am.

. . . . .

Court: And even if the government files a motion for substantial assistance, it then becomes like any other recommendation that the Court hears about your sentence, and the Court would be free to grant the motion or deny the motion as it saw fit.

Do you understand that?

Petitioner: Yes, ma'am.

. . . . .

Court: Okay. Finally, there is a provision on your plea agreement called appeal of sentence waiver, and in this part of your plea agreement you significantly limit the issues that you can appeal. This states that you understand that you are going to receive a sentence subject to the Federal Sentencing Guidelines, and that you understand that such a sentence does not provide for parole. This provision states that knowing this, *you agree that the Court*

-9-

> *may impose any sentence up to the statutory maximum penalty and under the guidelines*, and you give up your right to appeal your sentence either directly or indirectly on any ground except for three things. You can appeal an upwards departure from the guidelines; you can appeal a sentence that violates the law apart from the sentencing guidelines[;] and you can appeal a sentence which is above the statutory maximum penalty, but only those three things.
>
> Do you understand that?

Petitioner: Yes, ma'am.

Court: You cannot appeal any sentencing guidelines issues if the Court makes a mistake under the guidelines. The only thing that you, under the guidelines that you can appeal is an upward departure.

> Do you understand that?

Petitioner: Yes: Ma'am.

> . . . . .

Court: Mr. Chappa, do you make the waiver of appeal knowingly? Do you make it knowingly; that is, do you know what you are doing?

Petitioner: Yes, ma'am.

Court: Do you make it voluntarily?

Petitioner: Yes, ma'am.

> . . . . .

Court: Does this plea agreements [sic] contain all the promises or agreements that led you to plead guilty?

Petitioner: No, ma'am.

Court: Let me try again. Does it contain all the promises or understandings that led you to plead guilty. In other words, is this the complete understanding you have with the government?

Petitioner: Oh, yes, ma'am.

> . . . .

-10-

> Court: Is there anything that was promised you which is not in this plea agreement?
>
> Petitioner: No, ma'am.
>
> . . . . .
>
> Court Have any threats been made to you of any kind in order to get you to plead guilty?
>
> Petitioner: No, ma'am.
>
> Court: Either mental threats or physical threats?
>
> Petitioner: No, ma'am.

*Id.* at 9-19.

> Court: Okay. Turning now to the penalty, under Count 2 of *the indictment*, Mr. Chappa faces a minimum mandatory term of imprisonment of <u>five years and a maximum of up to 40 years</u>, plus a fine of up to $2 million; a term of supervised release of four years, and a special assessment of $100.
>
> Do you understand all that sir?
>
> Petitioner: Yes, ma'am.
>
> . . . . .
>
> Court: Now, under the Sentencing Reform Act of 1984, the Sentencing Commission of the United States has issued guidelines that the judges must follow. They are called sentencing guidelines. Have you and your attorney talked about how these guidelines might apply?
>
> Petitioner: Yes, ma'am.
>
> . . . . .
>
> Court: No one knows for sure what your guideline sentence will be.
>
> Do you understand that?
>
> Petitioner: Yes, ma'am.
>
> . . . . .

| | |
|---|---|
| Court: | At sentencing the judge will consider any objections to anything in the presentence report that you have made or the government has made, and the judge will determine the guideline sentence for your case, and *that could be different from any prediction about your sentence that anybody has given you*. |
| | Do you understand that? |
| Petitioner | Yes, ma'am. |

. . . . .

| | |
|---|---|
| Court | If your sentence is different from what you expect for whatever reason, *even a prediction from your attorney*, you cannot change your mind about pleading guilty. |
| | Do you understand that? |
| Petitioner | Yes, ma'am. |

. . . . .

| | |
|---|---|
| Court: | Once your guideline range has been determined, the Court may in some instances depart from the guideline and impose a sentence which is more severe. That is an upward departure. |
| | Do you understand that? |
| Petitioner | Yes, ma'am. |

. . . . .

| | |
|---|---|
| Court: | Your right to appeal is limited by that part of your plea agreement that we talked about. In certain circumstances if the government appeals, then you can also appeal, bot only in that limited situation. Any questions? |
| Petitioner: | No, ma'am. |

*Id.* at 19-23.

| | |
|---|---|
| Court: | I find that both defendants are competent. I find that each defendant's plea is knowing, intelligent and voluntary and it is supported by an independent basis in fact as to each essential element of the offense, so I'm going to recommend to the district judge that your pleas be accepted. |

-12-

*Id.* at 28. Thus, any claim by Petitioner that when he entered his plea he did not understand that he was subject to receiving a sentence of up to 480 months imprisonment is refuted by the record. Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997). Petitioner fails to meet this burden. Moreover, the imposition of a sentence greater than that expected by a defendant, or predicted by his counsel is not adequate grounds for vacating the sentence under § 2255. *Domenica v. United States*, 292 F.2d 483, 485 (1st Cir. 1961); *United States v. Pallotta*, 433 F.2d 594, 595 (1st Cir. 1970).

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the Government dismissed Counts One, Three, and Four at sentencing (CR Dkt. 348). The Government is likewise entitled to the benefit of its bargain. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. *See Bushert*, 997 F.2d at 1350. Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

### Conclusion

Having reviewed the record, arguments presented by the parties, applicable statutes, and controlling case law in this circuit, the Court finds that Petitioner has not demonstrated that he is entitled to relief under § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (Case No. 8:04-CV-1688-T-30EAJ, Dkt. 1) is **DENIED**.

    2.    The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 28, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

SA:jsh/jd